## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | |
|---|---|
| **EMILY ADAMS** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **V.** | ) **Cause No.:** |
| | ) |
| **GRIFOLS DIAGNOSTICS SOLUTIONS,** | ) |
| **INC.** | ) |
| | ) |
|     **Defendant,** | ) |

## COMPLANT AND DEMAND FOR JURY TRIAL

### I.    NATURE OF THE CASE

1.    This is an action brought by Plaintiff, Emily Adams ("Adams"), by counsel, against Defendant, Grifols Diagnostics Solutions, Inc. ("Defendant") alleging violations of the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d).

### II.    PARTIES

2.    Adams is a resident of Vanderburgh County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3.    Defendant is a corporation headquartered in North Carolina. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.  It may be served through its registered agent, CT Corporation System.

### III.    JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 29 U.S.C. § 216(b).

5.    Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d).

6.    Adams was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1).

7.      A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV.    FACTUAL ALLEGATIONS

8.      Adams was hired by the Defendant in or about September 2018.  Adams last held position was as a Technical Account Specialist II earning an hourly rate of $39.59. During her tenure, Adams met or exceeded Defendant's legitimate performance expectations.

9.      In her prior role Adams mentored six (6) of the nine (9) last new hires holding the same title.

10.      In 2022, Adams was assigned a new, male employee (Stephen Kenny) to mentor. Said male employee had significantly less experience and no vendor experience but was paid significantly more than Adams.

11.      Adams complained of this to Terry Douglas ("Douglas"), Supervisor.  Douglas told Adams that it was hard to find employees and it would be in her best interest to drop it.

12.      Defendant's handbook notes that employee pay must be reviewed annually to adjust for the market.  Adams requested pay ranges for her job title in an effort to review said information, but human resources denied her request.

13.      Prior to resigning, Adams met with Kaikhushru Parakh ("Parakh"), Grifols' North America Service and Training Director.  Parakh agreed that there was a huge pay discrepancy between males and females.  Parakh noted that after March 2023, Grifols would look into the issue and agreed to set up monthly meetings to discuss with Adams. This never occurred.

14.     On or about April 2, 2023, Adams was told by Douglas that she had been promoted.  However, Douglas refused to tell Adams what her promotion would entail or what the pay range would be. When Adams sent an email questioning the promotion, role, and pay, every question was answered besides pay range for the newly promoted position. She was then told that she had until the end of the business day to sign or the pay would be retracted.

15.     Adams, alongside at least two (2) other tenured females within her geographic location, made less than their male counterparts.

16.     Either separately or in part to Adams complaints, the Defendant created a "Women's Leadership Initiative" to potentially address the noted discriminatory pay practices.  However, Defendant placed only males in leadership roles within the Initiative.

17.     Due to the Defendant's action, Adams resigned in or about May 2023.

18.     Adams has been damaged due to Defendant's actions.

## V.     CAUSES OF ACTION

### COUNT I: EPA

19.     Adams hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint.

20.     Defendant paid Adams and Members of the Class significantly less than their male peers despite the fact that their male peers were employed in similar positions which required equal skill, effort and responsibility, and which were performed under similar working conditions.

21.     Defendant's actions were intentional, willful, and taken in reckless disregard of Adams's and Members of the Class legal rights.

3

22.    Defendant's unlawful actions have violated Adams's and Members of the Class rights as protected by the Equal Pay Act, 29 U.S.C. § 206(d).

23.    Adams and Members of the Class have suffered damages as a result of Defendant's unlawful actions.

## VI.    <u>REQUESTED RELIEF</u>

**WHEREFORE**, Plaintiff, Emily Adams, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1) Reinstate Adams to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Adams of front pay in lieu thereof;

2) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful action(s);

4) Liquidated damages for the Defendant's violations of the EPA;

5) All costs and attorney's fees incurred as a result of brining this action;

6) Pre- and Post-Judgement interest on all sums recoverable; and

7) All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*
Andrew Dutkanych III, Atty. No. 23551-49
Taylor Ferguson, Atty. No. 35524-22
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765

Facsimile: (812) 424-1005
Email: Tferguson@bdlegal.com
          Ad@bdlegal.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Emily Adams, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*_____
Andrew Dutkanych III, Atty. No. 23551-49
Taylor Ferguson, Atty. No. 35524-22
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: Tferguson@bdlegal.com
          Ad@bdlegal.com
*Attorneys for Plaintiff*